ON MOTION FOR REHEARING AND/OR CLARIFICATION

ROTHENBERG, J.
We deny appellee Northern Trust, N.A.’s motion for rehearing, grant Northern Trust’s motion for clarification, withdraw this Court’s previous opinion, dated February 8, 2012, and issue this opinion in its stead.
Jean Scott Bellamy (“Mrs. Bellamy”) appeals an order granting a joint petition filed by Margaret Bellamy Langfitt (“Langfitt”) and Lyell Bellamy McMerty[1] (“McMerty”), which, in part, approves a settlement agreement entered into by McMerty, Langfitt, and Northern Trust, N.A. (“Northern Trust”), and dismisses with prejudice Mrs. Bellamy’s counter-petition. We reverse and remand for further proceedings consistent with this opinion.
This appeal stems from the administration of the Robert R. Bellamy Trust dated July 1, 1982, as amended (“Trust”). Following Robert R. Bellamy’s (“Mr. Bellamy” or “Settlor”) death in 2006, the remaining five co-trustees were Mrs. Bellamy, who is Mr. Bellamy’s widow; Mr. Bellamy’s adult daughters from a previous marriage, Langfitt and McMerty (collectively, “adult daughters”); Mr. Bellamy’s accountant, Kathryn R. Posten (“Ms. Posten”); and Northern Trust, the corporate trustee. Paragraph 2 of the Trust provides: “If the corporate Trustee fails or ceases to serve, the remaining individual Trustees or Trustee shall choose a successor corporate Trustee, so that there shall always be a corporate Trustee after the Settlor ceases to serve.” (emphasis added).
The Trust provides for cash gifts of $10,000,000 to Mrs. Bellamy and $5,000,000 to Isabel Hargrove Bellamy (“Isabel”), *1172 who is Mr. and Mrs. Bellamy’s daughter, which have been paid. The Trust also provides for the creation of two sub-trusts, the Bellamy Family Trust (“Family Trust”) and the Bellamy Grandchildren Trust (“Grandchildren Trust”) (collectively, “sub-trusts”), which are to be primarily funded by two assets — the Town Creek Timber Company and Erwin Industries, Inc. In previous orders entered in Case No. 06-2084 CP 05, the trial court found that Isabel’s unborn children are beneficiaries of the Family Trust and the Grandchildren Trust.
In 2009, Langfitt ñled a petition seeking to remove Ms. Posten as co-trustee, asserting that she breached her fiduciary duty. While this petition was pending, the co-trustees drafted proposals pertaining to the administration and distribution of the Trust assets. Northern Trust, Mrs. Bellamy, and Ms. Posten voted to adopt several proposals, which were opposed by the adult daughters. In July 2010, the adult daughters entered into a settlement agreement with Ms. Posten, allowing her to resign and releasing her from liability. Despite Mrs. Bellamy’s opposition, the trial court approved the settlement agreement, and Ms. Posten was not replaced.
In January 2011, the adult daughters and Northern Trust entered into a settlement agreement, which was subject to court approval,[2] discharging Northern Trust as the corporate co-trustee and as co-personal representative of Mr. Bellamy’s estate, releasing Northern Trust from liability, and providing that Merrill Lynch would act as custodian to receive and hold the income from the Trust assets and to pay the Trust expenses. Thereafter, the adult daughters filed a “Joint Petition for Approval of Settlement Agreement, for Approval of Resignation of Northern Trust, NA, as Co-Trustee and for Full and Final Discharge of Northern Trust, NA, as Co-Trustee” (“Joint Petition”).[3]
Mrs. Bellamy filed an answer and affirmative defenses to the Joint Petition. She also filed a counter-petition seeking the removal of Northern Trust as co-trustee, but requesting that a successor corporate co-trustee be appointed as required by Paragraph 2 of the Trust. In addition, Mrs. Bellamy sought damages against Northern Trust, alleging that Northern Trust breached its fiduciary duties by entering into the settlement agreement and by requesting that the trial court modify Paragraph 2 of the Trust to allow for a corporate custodian, rather than a corporate trustee, to replace Northern Trust.
*1173 A hearing was held on the Joint Petition and counter-petition. Mrs. Bellamy argued that the propriety of the settlement agreement could not be decided on the pleadings, and therefore was “procedurally premature;” a corporate co-trustee must replace Northern Trust as required by the Trust; the appointment of a successor corporate co-trustee was essential as the Trust had not been substantially administered; Northern Trust should not be immunized from liability prior to the completion of discovery; and Northern Trust should not be excused from completing its accounting.
Following the hearing, the trial court entered an order granting the Joint Petition approving the settlement agreement, finding that it is “fair, reasonable and in the best interests” of the Trust, Mr. Bellamy’s estate, sub-trusts, and beneficiaries. The trial court also approved Northern Trust’s resignation; released Northern Trust of liability; authorized Northern Trust to transfer the cash and securities to Merrill Lynch to act as custodian; and provided that if the Trust can be construed as requiring the replacement of the corporate trustee, the Trust was being modified “to permit a corporate custodian to hold the securities and cash of the Trust and sub-trusts” because the “purpose of having a corporate trustee is no longer served because the Trust is substantially administered, the Court will make a determination about the funding and distribution of assets of the Trust, and both sides of the funding dispute are represented by counsel.” Finally, the order grants with prejudice Northern Trust’s motion to dismiss Mrs. Bellamy’s counter-petition, finding that the claim for removal of Northern Trust was rendered moot by the approval of the settlement agreement, and that Northern Trust’s entry into the settlement agreement with the adult daughters, which was contingent on court approval, does not constitute a breach of fiduciary duty. This appeal followed.
Mrs. Bellamy contends that the trial court erred by approving the settlement agreement. Specifically, Mrs. Bellamy argues that in light of Paragraph 18, the trial court erred by modifying Paragraph 2 of the Trust, which requires that “there shall always be a corporate Trustee after the Settlor ceases to serve.” We agree.
The Trust allows a trustee to resign by giving thirty days’ notice. However, Paragraph 2 of the Trust clearly indicates Mr. Bellamy’s intent upon the resignation of a corporate trustee — the remaining co-trustees must replace the corporate trustee if the corporate trustee resigns “so that there shall always be a corporate Trustee after the Settlor ceases to serve.” Unlike the other co-trustees, the corporate trustee was the only co-trustee that had to be replaced upon its resignation, indicating that Mr. Bellamy believed the corporate trustee was essential to the administration and distribution of the Trust assets. Following Ms. Posten’s resignation as a co-trustee, of the four remaining co-trustees, the corporate trustee was the only co-trustee without a beneficial interest in the Trust assets.
In Paragraph 18 of the Trust, as restated in 2002, Mr. Bellamy specifically addressed, and prohibited, the judicial modification of the Trust, specifically providing: “[T]o the extent permitted by law, I prohibit a court from modifying the terms of this Trust Agreement under Florida Statutes s. 7374031(2) or any statute of similar import.” Section 737.4031, Florida Statutes (2002),[4] which is currently *1174 found in section 736.04113 of the Florida Statutes,[5] allowed for the judicial modification of a trust under certain circumstances, including “if compliance with the terms of the trust is not in the best interest of the persons having a beneficial interest in the trust.” Moreover, subsection (2)(a) specified that the modification “conform!] to the extent possible with the intention of the settlor, taking into account the current circumstances and the best interests of the beneficiaries.”
In the instant case, the trial court found that the settlement agreement was in the best interest of the beneficiaries and that Paragraph 2 was being modified to allow Merrill Lynch to act as a custodian, as opposed to a trustee, because the “purpose *1175 of having a corporate trustee is no longer served because the Trust is substantially administered.” As Paragraph 18 of the Trust prohibits the judicial modification of the Trust, even if it is in the best interest of the beneficiaries, we conclude that the trial court erred by modifying Paragraph 2. Moreover, the trial court’s finding that that the Trust has been “substantially administered” is not supported by competent substantial evidence as the purpose of the Trust has not been fulfilled and more than routine, ministerial functions remain at this point. Accordingly, we reverse the order under review granting the Joint Petition and reverse the dismissal of Mrs. Bellamy’s counter-petition.[6] Further, as this Court is reversing the approval of the settlement agreement, as required by Paragraph 14 of the settlement agreement, Northern Trust must be “restored to [its] rights as they existed prior to the execution of the [settlement] [a]greement.” Therefore, Northern Trust is reinstated as the corporate co-trustee of the Trust and co-personal representative of Mr. Bellamy’s estate.
Reversed and remanded.

. McMerty is referred to as Sarah Lyell Bellamy McMerty in the Trust.

. Paragraph 14 of the settlement agreement provides, in relevant part: "If the Court does not approve the Agreement in its entirety, then the Agreement shall be of no further force or effect and the parties shall be restored to their rights as they existed prior to the execution of the Agreement ...." (emphasis added).

. In the Joint Petition, Northern Trust gave notice of its resignation. However, its notice of resignation was "wholly contingent” upon the court’s approval of the settlement agreement. Specifically, Paragraphs 5 and 6 provide:
5. Subject to paragraph 6 below, Northern hereby gives written notice to the other Co-Trustees of its intent to resign as Co-Trustee of the Trust and the sub-trusts created thereunder ("Notice of Resignation”). The Notice of Resignation complies with paragraph 10 of the Trust that provides "[a]ny Trustee ... the power to resign by giving thirty (30) days written notice ... to the other Trustees then serving.”
6. Northern's Notice of Resignation is wholly contingent upon the Court’s approval of the Agreement, including approval of Northern's resignation as Co-Trustee and Co-Personal Representative and a full release and discharge of Northern in its fiduciary and individual capacities.
(emphasis added).

. Section 737.4031, Florida Statutes (2002), provides in pertinent part:
Judicial modification of trusts.—
*1174 (1) If the purposes of a trust have been fulfilled or have become illegal or impossible to fulfill or, if because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of a material purpose of the trust or, if a material purpose of the trust no longer exists, upon the application of a trustee of the trust or any beneficiary a court at any time may modify the terms of a trust which is not then revocable to:
(a) Amend or change the terms of the trust, including terms governing distribution of the trust income or principal, or terms governing administration of the trust;
(b) Terminate the trust in whole or in part;
(c) Direct or permit the trustee to do acts that are not authorized or that are prohibited by the terms of the trust; or
(d) Prohibit the trustee from performing acts that are permitted or required by the terms of the trust.
(2) Upon the application of a trustee of the trust or any beneficiary, a trust which is not then revocable may be modified at any time by a court as provided in subsection (1), and without regard to the reasons for modification provided in subsection (1), if compliance with the terms of the trust is not in the best interest of the persons having a beneficial interest in the trust.
(a)The court shall exercise its discretion to order a modification of the trust under this subsection in a manner that conforms to the extent possible with the intention of the settlor, taking into account the current circumstances and best interests of the beneficiaries[J
[[Image here]]

. Section 736.04113 provides:
Judicial modification of irrevocable trust when modification is not inconsistent with settlor’s purpose.—
(1) Upon the application of a trustee of the trust or any qualified beneficiary, a court at any time may modify the terms of a trust that is not then revocable in the manner provided in subsection (2), if:
(a) The purposes of the trust have been fulfilled or have become illegal, impossible, wasteful, or impracticable to fulfill;
(b) Because of circumstances not anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of a material purpose of the trust; or
(c) A material purpose of the trust no longer exists.
(2) In modifying a trust under this section, a court may:
(a) Amend or change the terms of the trust, including terms governing distribution of the trust income or principal or terms governing administration of the trust;
(b) Terminate the trust in whole or in part;
(c) Direct or permit the trustee to do acts that are not authorized or that are prohibited by the terms of the trust; or
(d) Prohibit the trustee from performing acts that are permitted or required by the terms of the trust.
(3) In exercising discretion to modify a trust under this section:
(a) The court shall consider the terms and purposes of the trust, the facts and circumstances surrounding the creation of the trust, and extrinsic evidence relevant to the proposed modification.
(b) The court shall consider spendthrift provisions as a factor in making a decision, but the court is not precluded from modifying a trust because the trust contains spendthrift provisions.
(4) The provisions of this section are in addition to, and not in derogation of, rights under the common law to modify, amend, terminate, or revoke trusts.

. As acknowledged by Northern Trust's counsel during oral argument, although Northern Trust must be reinstated as the corporate co-trustee, Mrs. Bellamy is free to pursue a removal action against Northern Trust.